UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUSTICE GRAY AND** | * | **CIVIL ACTION NO.:** |
| **KADAVEION WALKER** | * | |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE:** |
| **JACOREY R. BOLTON,** | * | |
| **MULTIBAND FIELD SERVICES, INC.,** | * | |
| **AND NATIONAL UNION FIRE** | * | |
| **INSURANCE COMPANY OF** | * | |
| **PITTSBURGH, PA, IN SOLIDO** | * | |

**************************************************************************

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441 (b) DIVERSITY JURISDICTION**

**************************************************************************

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendants, Multiband Field Services, Inc. and National Union Fire Insurance Company of Pittsburgh, PA, with full reservations of any and all exceptions, rights, defenses, and objections, hereby give notice of the removal to this Court of the State Court Action described and, in support, states as follows:

**BACKGROUND**

1.

Jacorey R. Bolton, Multiband Field Services, Inc., and National Union Fire Insurance Company of Pittsburgh, PA were named as defendants in a civil action commenced on August 27, 2021, in the First Judicial District Court for the Parish of Caddo, State of Louisiana, entitled "*Justice Gray and Kadaveion Walker v. Jacorey R. Bolton, Multiband Field Services, Inc. and National Union Fire Insurance Company of Pittsburgh, PA, in solido*," Case No. 632,356, Division C.[1]

---

[1] *See* Petition for Damages, attached hereto as Exhibit A *in globo*.

2.

Plaintiffs, Justice Gray and Kadaveion Walker, claim in their Petition for Damages that on or about September 1, 2020, they were involved in a motor vehicle accident on Interstate 49 in Shreveport, Louisiana.[2] Plaintiffs allege that as Justice Gray was traveling on Interstate 49 south, her vehicle suffered a blowout of a tire, and she attempted to move off to the side of the Interstate when Defendant Jacorey R. Bolton struck the rear of Gray's vehicle.[3] Plaintiffs contend that the accident at issue was caused by the negligence of Jacorey R. Bolton and resulted in injuries.[4]

3.

Plaintiffs further allege that Multiband Field Services, Inc., Bolton's employer on September 1, 2020, failed to properly train and supervise Bolton.[5]

**BASIS FOR REMOVAL**

4.

Defendant Multiband Field Services, Inc. was served with the Petition for Damages on September 21, 2021. Defendant National Union Fire Insurance Company of Pittsburgh, PA was served with the Petition for Damages on September 14, 2021. Removal is proper because there is complete diversity between the parties and the amount in controversy exceed $75,000.00, exclusive of interest and costs.[6]

---

[2] *See* Exhibit A, Plaintiffs' Petition for Damages, para. 3.
[3] *See id.*, para. 4.
[4] *See id.*, para. 7.
[5] *See id.*, para. 8.
[6] 28 U.S.C. § 1332.

## DIVERSITY OF CITIZENSHIP

5.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

6.

Upon information and belief, Plaintiffs, Justice Gray and Kadaveion Walker, are residents, domiciliaries, and citizens of Caddo Parish, State of Louisiana, both at the time of filing of this suit and at the time of removal.[7]

7.

Defendant Multiband Field Services, Inc. was incorporated in Delaware and maintains its principal place of business in Frisco, Texas, both at the time of the filing of this suit and at the time of removal.  Accordingly, Multiband Field Services, Inc. is a resident of Delaware and Texas.

8.

Defendant National Union Fire Insurance Company of Pittsburg, PA is incorporated in Pennsylvania and has its principal place of business in New York.  Thus, National Union Fire Insurance Company of Pittsburgh, PA, is a citizen of both Pennsylvania and New York.

9.

Defendant Jacorey R. Bolton is domiciled in Texas.

## AMOUNT IN CONTROVERSY

10.

Although Defendants deny liability to Plaintiffs, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  In the Petition for Damages,

---

[7] See Exhibit A, "Introductory Paragraph".

Plaintiffs allege personal injuries as a result of the subject accident, specifically itemizing their damages as follows: past and future medical expenses, medical report charges, loss of income, loss of enjoyment of life, past, present, and future pain and suffering, and past, present, and future mental anguish and distress.[8]

11.

Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of costs and interest; however, a defendant is not required "to prove a legal certainty" that the plaintiff will recover more than the jurisdictional amount.

12.

When there are multiple plaintiffs, only one plaintiff's claims must independently exceed the jurisdictional amount of $75,000.00 for original jurisdiction under 28 U.S.C. § 1332 to exist.[9]

13.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show through supporting, summary judgment-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[10] Here, it is "facially apparent" that both Justice Gray and Kadaveion Walkers' claims exceed $75,000.00, as they seek damages for past and future medical expenses,

---

[8] *See id.*, para. 11 and 13.
[9] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558-59 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, …, has original jurisdiction over that claim."); *Zarate v. Guillory*, 2016 WL 2996899, at *7 (E.D. La. 5/25/16).
[10] *See Allen R. & H Oil & Gas Co.*, 63 F.3d 1335 (5th Cir. 1995); *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06); *Dautriel, et al v. Colgan Air Inc., et al,* 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08).

medical report charges, loss of income, loss of enjoyment of life, past, present, and future pain and suffering, and past, present, and future mental anguish and distress.[11] Additionally, Plaintiffs allege that each of their claims exceed the jurisdictional amount required for a trial by jury, which, at the time the cause of action arose, was $50,000.[12]

14.

Justice Gray alleges to have sustained injuries to her cervical, thoracic, and lumbar spine, wrists, knees, left foot and ankle, and head.[13] Kadaveion Walker alleges to have sustained injuries to his cervical, thoracic, and lumbar spine, pelvic regions, hand, arm, knees, foot, and head.[14]

15.

Further, the Petition for Damages does not state that there is a lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking.

16.

Based on the above, Defendants submit that it is readily apparent from the face of the Petition for Damages and the information known regarding Plaintiffs' treatment that Plaintiffs' alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000.00, and Plaintiffs cannot show that they are legally certain not to be able to recover that amount.

---

[11] *See James v. Home Depot USA, Inc.*, 02-1008, 2002 WL 1453824, at *2 (E.D. La. 7/3/02) ("Although the allegations in Plaintiff's [petition] are somewhat generic, it is 'facially apparent' that his claims exceed $75,000. Plaintiff seeks damages for physical, emotional and mental pain and anguish, loss of enjoyment of life, disability, past and future wages, past and future medical treatment and expenses, and 'serious' physical injuries to the back and lower extremity.")
[12] *See* Exhibit A, para 14.
[13] *See id.*, para. 10.
[14] *See id.*, para. 12.

## **REMOVAL IS PROPER**

17.

Defendant Multiband Field Services, Inc. was served with the Petition for Damages via the Louisiana Secretary of State on September 21, 2021. Attached hereto as Exhibit "B" is a copy of the Citation served upon Multiband Field Services, Inc. as required by 28 U.S.C. § 1446 (a). Defendant National Union Fire Insurance Company of Pittsburgh, PA was served with the Petition for Damages via the Louisiana Secretary of State on September 14, 2021. Attached hereto as Exhibit "C" is a copy of the Citation served upon National Union Fire Insurance Company of Pittsburgh, PA as required by 28 U.S.C. § 1446 (a).

18.

Counsel represents both Multiband Field Services, Inc. and National Union Fire Insurance Company of Pittsburgh, PA. All Defendants consent to the removal of this case to Federal Court. Also, if Jacorey R. Bolton is ever served through the Long-Arm Statute, then the undersigned counsel will also be representing Jacorey R. Bolton and agree to this removal.

19.

Accordingly, this Notice is timely filed within thirty (30) days after the first service or notice on any defendant of the pleading setting forth the claims for relief and filed within one (1) year of the filing of the Petition for Damages in compliance with 28 U.S.C. § 1446 (b).

20.

The United States District Court for the Western District of Louisiana is the federal judicial district embracing the First Judicial District Court for the Parish of Caddo, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. §1441 (a).

21.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of both Justice Gray and Kadaveion Walker cited above in the Petition for Damages, and the suit is between citizens of different states. Thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq*.

22.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

23.

Promptly after the filing of this Notice of Removal to the United States District Court for the Western District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court to effect the removal of this civil action to the United States District Court, Western District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendants, Multiband Field Services, Inc. and National Union Fire Insurance Company of Pittsburgh, PA, pray that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

Respectfully submitted,

*/s/ Jonathan L. Woods*
JONATHAN L. WOODS (Bar No. 28816)
CHARMAINE B. BORNE (Bar No. 36383)
RANDAZZO, GIGLIO & BAILEY
900 E. Saint Mary Blvd., Suite 200
Lafayette, Louisiana  70503-2378
P.O. Box 51347
Lafayette, Louisiana  70505-1347
Phone (337) 291-4000
Fax (337) 291-4939
Email:  jwoods@rgb-llc.com
              cborne@rgb-llc.com

**COUNSEL FOR DEFENDANTS MULTIBAND FIELD SERVICES, INC. AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

*/s/ Jonathan L. Woods*
JONATHAN L. WOODS, Bar No. 28816